IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY E. STARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-244-MJR |
| ) | |
| MITCHEL, ROSS, and JAMES N. CROSS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Larry E. Starks, a federal inmate at the Federal Correctional Institution in Greenville, Illinois, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Before the Court is Plaintiff's motion for leave to amend his complaint and a proposed amended complaint (Doc. 8). Plaintiff's motion for leave to amend is **GRANTED**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint.

The Court will conduct its preliminary review of the amended complaint under 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Amended Complaint**

In February 2011, Plaintiff was assigned to work in the kitchen at the Federal Correctional Institution in Greenville, Illinois. He started out assigned to the dishroom, then was transferred to the serving line. Soon after, he was reporting to work and walked past the food supervisor, Mr. Mitchel. Mitchel told the food manager, Mr. Ross, "Give him the shit jobs! He likes raping our women!" Plaintiff had been convicted in 1983 of sexual abuse of an adult white female.

So Ross began reassigning Plaintiff from the serving line to the dishroom whenever Ross was managing the kitchen. Plaintiff did not respond to this harassment, and Ross became frustrated. In October 2011, as Plaintiff was approaching the serving line and getting ready to serve, Ross looked at Plaintiff and pushed a food cart at him at a high rate of speed. Plaintiff barely avoided the impact of the cart. The incident was videorecorded, and Plaintiff filed a grievance. Prison officials told him it was a serious matter and under investigation, but no one talked to Plaintiff after that. Since then Plaintiff has continued working under Ross's supervision. He believes Ross is still biased against him. After working in the kitchen over a year, Plaintiff is still at grade four, even though has not been disciplined since his incarceration.

**Discussion**

The Court divides this pro se action into two counts based on Plaintiff's allegations. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed. The designation of these counts does not constitute an opinion as to their merit.

The Court first notes that Plaintiff names James N. Cross, the warden at Greenville, as a defendant without alleging any actions involving him. In a *Bivens* action, a defendant cannot be held liable on the basis of *respondeat superior*; to be liable, he must be personally responsible for the injury. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Cross was not personally responsible for any injury here. Accordingly, Cross is **DISMISSED without prejudice**.

**Count 1: Excessive Force or Assault**

Plaintiff claims that Ross's attempted assault with the food cart is evidence of invidious discrimination. He also believes the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff says Ross is the food manager and that his place of employment is the Federal Correctional Institution so, for this preliminary review, the Court assumes Ross is a federal employee.

Federal statutory and constitutional law offers two avenues to recovery for wrongful acts by employees of the federal government: the claimant may sue the individual employee for a constitutional violation under *Bivens*, and he may sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, which incorporates the substantive law where the alleged violation occurred.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment and is actionable under *Bivens*. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir.2000). The Eighth Amendment forbids the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 5. In the context of excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. There is no requirement of serious injury because excessive force is ultimately measured by "contemporary standards of decency." *Hudson*, 503 U.S. at 9; *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).  But "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 130 S.Ct. at 1178.

Here, the Court does not find that Plaintiff's allegations are sufficient to state a claim under the Eighth Amendment. Ross did not actually hit Plaintiff with the food cart, so there was no contact and no infliction of pain (or the unnecessary and wanton infliction of pain). Plaintiff's allegation is like a push or shove that causes no discernible injury. The Court bears in mind that nonphysical harm in certain contexts may be sufficient to state an Eighth Amendment claim. *See Washington v. Hively*, --- F.3d ----, No. 12-1657, 2012 WL 3553419, at *1 (7th Cir. Aug. 20, 2012) ("[U]nwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant.").

Plaintiff's amended complaint may be read to assert common-law claims of assault or intentional infliction of emotional distress. The Federal Tort Claims Act allows for damage suits against the United States for personal injuries "caused by the negligent or wrongful act or omission" of any federal government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, assault and battery and other intentional-tort claims generally cannot be brought against the United States under the FTCA. *See* 28 U.S.C. § 2680(h); *Sheridan v. United States*, 487 U.S. 392, 398 (1988). Such claims can only be brought for assaults and batteries committed by "investigative or law enforcement officers of the United States Government," *see* 28 U.S.C. § 2680(h), but Ross is a food manager, not a "law enforcement officer." *See* § 2680(h) ("For the purpose of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.").

Accordingly, Plaintiff's Count 1, whether construed as an excessive-force claim or a common-law assault claim, is **DISMISSED without prejudice**.

**Count 2: Due Process**

Plaintiff alleges invidious discrimination and the denial of due process. Lawful imprisonment deprives convicted prisoners of many rights, but not the right to equal protection of the laws. *Williams v. Lane*, 851 F.2d 867, 871 (7th Cir.1988) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). Absent a compelling state interest, racial discrimination in administering a prison violates the constitutional guarantee of equal protection of the law. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) (black inmate stated cause of action by alleging racial discrimination in assignment of prison jobs). Because Plaintiff is challenging the actions of federal rather than state employees, the equal-protection analysis must proceed under the Fifth and not the Fourteenth Amendment. *Markham v. White*, 172 F.3d 486, 491 (7th Cir.1999). Under either amendment though the constitutional guarantee of equal protection prohibits government actors from applying different legal standards to similarly situated individuals. *E.g.*, *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Discriminatory intent may be established by showing an unequal application of a prison policy or system. *Minority Police Officers Ass'n v. South Bend*, 801 F.2d 964, 967 (7th Cir.1986).

According to Plaintiff's allegations, Mitchel told Ross, "Give him the shit jobs! He likes raping *our* women!" (emphasis added). This was apparently in reference to Plaintiff's conviction for the sexual abuse of an adult white female. The Court infers from these allegations that Plaintiff is not white. After Mitchel's comment, Ross began reassigning Plaintiff to the dishroom. Plaintiff has continued working under Ross's supervision and, after working in the kitchen

over a year, Plaintiff is still at grade four. Plaintiff does not say what his grade should be or whether white prisoners are treated differently. Nonetheless, he plausibly suggests racial animus by Mitchel and Ross. He also states he has not been disciplined but is still at grade four after a year, which implies he would ordinarily be at a higher grade by now. The Court finds these allegations are sufficient at this stage of review and will allow Plaintiff's equal-protection claim to proceed against Mitchel and Ross.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **CROSS** is **DISMISSED** from this action **without prejudice**. **COUNT 1** is **DISMISSED without prejudice**. **COUNT 2** shall receive further consideration.

The Clerk of Court shall prepare for Defendants **MITCHEL** and **ROSS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that, if Defendants no longer can be found at the work addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with Defendants' current work addresses, or, if not known, Defendants' last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting ser-

vice. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendants shall timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, Plaintiff was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge**

**Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2012**

/s/ **MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**