IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY E. STARKS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-244-MJR-SCW |
| | ) |
| MITCHELL and Ross., | ) |
| | ) |
|       Defendants. | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.   Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies. Defendants Mitchell and Ross have filed a motion to dismiss **(Doc. 20)** or, in the alternative motion for summary judgment, which the undersigned will construe as a motion for summary judgment. The Defendants argue that Plaintiff failed to exhaust his administrative remedies as to his discrimination and denial of equal protection claim against them. Plaintiff filed a Response **(Doc. 23)** arguing that he did comply with the grievance procedures and that the administrative exhaustion of the related issues would have been futile. Defendants have filed a Reply brief **(Doc. 29)** and Plaintiff has filed a Sur-Reply **(Doc. 32)**. The undersigned, however, **STRIKES** Plaintiff's sur-reply as inappropriately filed under the Local Rules. **See SDIL Local Rule 7.1(c).**

It is **RECOMMENDED** that the court **ADOPT** the following findings of fact and conclusions of law, **FIND** that Plaintiff failed to exhaust his administrative remedies, and **GRANT** Summary Judgment in favor of Defendants Mitchell and Ross.

## II.     Findings of Fact

Plaintiff Larry E. Starks is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville").  Plaintiff filed this lawsuit pursuant to ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)**, alleging he was mistreated by prison staff while working in the kitchen at FCI-Greenville.  Specifically, Plaintiff raised an excessive force claim against Defendant Ross and a claim of discrimination and denial of equal protection against both Defendants Ross and Mitchell.  After a preliminary review of Plaintiff's Amended Complaint, the only claim to survive was the claim of discrimination and denial of equal protection against Defendants.  **(Doc. 9).**  Plaintiff claims he was given inferior jobs within the kitchen and kept at a lower pay grade on account of his race.  Specifically, Plaintiff alleges Mitchel told Ross, "Give him the shit jobs!  He likes raping *our* women!" (emphasis added).  **(Doc. 10 p. 6).**  The statement seemingly references the Plaintiff's conviction for the sexual abuse of an adult white female.  Subsequent to this comment, Ross began reassigning Plaintiff to the dishroom.  *Id.*  After working under Ross's supervision in the kitchen for over a year, Plaintiff's pay is still at a grade four, even though he has not been disciplined since his incarceration.  *Id.* **at p. 7.**  Plaintiff attached the documents submitted during his administrative proceedings to show he has exhausted his administrative remedies.  **(Doc. 10 p. 9-11).**  As the undersigned has determined that there are no disputes of fact as to exhaustion, the Court finds that a *Pavey* hearing is not necessary as the issues presented are solely legal questions.

### III. Conclusions of Law

**A.     Summary Judgment Standard**

Summary judgment, which is governed by FEDERAL RULE OF PROCEDURE 56, is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.,* **648 F.3d 506, 517 (7th Cir. 2011).** Summary Judgment is proper "if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton,* **604 F.3d 464, 467 (7th Cir. 2010).** The Court must construe all faces in the light most favorable to Plaintiff, as the non-moving party, and draw all reasonable inferences in his favor. *Ogden v. Atterholt,* **606 F.3d 355, 258 (7th Cir. 2010).**

**B.     Administrative Exhaustion**

Lawsuits failed by inmates are governed by the provisions of the Prisoner Litigation Reform Act ("PLRA"). **42 U.S.C. § 1997e(a).** The statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted." Id.* **(emphasis added).** "As the statutory language makes clear, § 1997e(a) applies equally to § 1983 actions and to Bivens actions." *Nyhuis v. Reno,* **204 F.3d 65, 68 (3d Cir. 2000).** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey v. Conley,* **544 F.3d 739, 742 (7th Cir. 2008).** The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates follow all grievance rules established by the correctional authority. *Hall v. Thomas,* **No. 3:10-cv-00633, 2012 WL 1866881 (S.D. Ill. Ct. April 3, 2012) (citing** *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006)).** This requires the prisoner to "file complaints and appeals in the place, and at the time, the

prison's rules require." *Pozo v. McCaughtry,* **268 F.3d 1022, 1025 (7th Cir. 2002).** Under PLRA, exhaustion of administrative remedies is mandatory and unexhausted claims cannot be brought in court. *Jones v. Bock,* **549 U.S. 199, 211 (2007).** The purpose of the exhaustion requirement is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp,* **458 F.3d 678, 684 (7th Cir. 2006).**

Under *Pavey,* the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley,* **544 F.3d 739, 740-41 (7th Cir. 2008).** Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id. at 742.* Although the court in *Pavey* included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey,* **649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).**

The Bureau of Prisons' ("BOP") Administrative Remedy Program is set forth in 28 **C.F.R. § 542.10 et seq. and BOP Program Statement 1330.17,** *Administrative Remedy Program.* The administrative remedy procedures require an inmate to first attempt to resolve his complaint informally with BOP staff by submitting a request for informal resolution, a BP-8. **See C.F.R. § 542.13.** If not satisfied, the inmate is required to file his formal initial request for remedy to the warden, a BP-9, within 20 days from the complained-of event. *Id.* **at § 542.14.** If dissatisfied, the inmate may appeal the warden's decision to the BOP Regional Director, known as a BP-10. *Id.* **at § 542.15(a).** If still dissatisfied, the inmate may appeal to the General Counsel in the BOP Central Office, a BP-11. *Id.* An inmate shall complete the appropriate forms "with all requested identifying information…." *Id.* **at § 542.15(b).**

C. Analysis

Defendants argue that they are entitled to summary judgment on Plaintiff's discrimination and denial of equal protection claim against them because Plaintiff has failed to exhaust his administrative remedies. Plaintiff claims that he did exhaust his administrative remedies and that, to the extent he did not exhaust his remedies, he did not have to exhaust because the investigation into Ross' actions was biased which cause Plaintiff's notice requirements to be waived. A review of the record shows that Plaintiff only filed one grievance which relates to actions taken against him by the food service staff, namely his allegation that Defendant Ross attempted to assault him **(Doc. 20 Ex. A. at ¶¶ 4-6; Ex. A at Attachment C).** This grievance was filed on October 11, 2011. The records note that Plaintiff attempted to file another grievance on July 10, 2012 regarding retaliation by the food service staff but that grievance was rejected as untimely **(Doc. 20 Ex. A at ¶ 7).** The exact nature of that complaint is not known as the grievance was returned to Plaintiff, although Plaintiff alleges that it was against Food Manager Doogen for retaliation by implicating Plaintiff in manufactured wine contraband and failing to submit Plaintiff for a grade pay advancement.

Here, the undersigned finds that Plaintiff has failed to exhaust his administrative remedies. The only grievance that Plaintiff filed relating to actions taken against him by the food service staff was regarding Defendant Ross' alleged use of excessive force. However, that claim was dismissed during this Court's §1915A threshold review. His grievance does not include any allegations that either Defendant Ross or Defendant Mitchell discriminated against him or denied him equal protection by denying him work assignments or failing to raise his pay grade. Thus, Plaintiff has not exhausted his administrative remedies as to those claims.

Plaintiff tries to argue that his October 11, 2011 grievance constituted an exhaustion of his claims against Mitchell and Ross and that the grievance should not be considered inadequate because a person not originally named in the grievance, presumably Mitchell, was later sued. However, Plaintiff's grievance does not allege any allegations of discrimination or denial of equal protection against either Defendant. Instead, the grievance focuses solely on the assault by Defendant Ross. The purpose of the grievance procedure is to "alert prison officials to perceived problems ad to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington,* **418 F.3d 714, 719 (7th Cir. 2005).** As such, under the PLRA, a prisoner is "prohibited from raising issues in federal court that [he] did not 'state specifically' as a reason for their administrative appeals." *Hudson v. Penaflor,* **448 Fed.Appx. 623, 625 (7th Cir. 2011).** Here, Plaintiff never raised any allegations against Mitchell or Ross that would put them on notice that he had grievances against them for discrimination or denial of equal protection regarding his pay and work assignments. The undersigned notes that while there were other grievances which Plaintiff sought to file against the food service staff which were returned as untimely, those grievances were described as grievances regarding retaliation and Plaintiff does not allege that those grievances dealt with the claims at issue in this case. In fact, Plaintiff alleges in his response that the grievance was filed against Food Manager Doogen for retaliation for implicating

Plaintiff in having manufactured wine contraband and failure to submit Plaintiff for a pay wage increase.

Plaintiff also argues that he did not have to file a grievance regarding his work assignment and wages allegations because the Office of Internal Affairs conducted a biased investigation into his claims which caused his notice requirements to be waived.  However, Plaintiff fails to cite to any case law supporting this proposition nor is there any support for his notion that a biased investigation waives the exhaustion requirement.  Further, the investigation appears to be related to the alleged assault by Defendant Ross, which is not currently a part of this suit, and not to his claims regarding wages or work assignments.  As the undersigned finds that Plaintiff's only remaining claim should be dismissed for failure to exhaust his administrative remedies **(Doc. 9),** the undersigned need not address Defendant's other arguments for dismissal.

Thus, the undersigned **FINDS** that Plaintiff has failed to exhaust his administrative remedies against Defendants Ross and Mitchell and, accordingly, **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED.**

### IV.    Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that the Plaintiff failed to exhaust his administrative remedies against Ross and Mitchell and that their summary judgment motion (Doc. 26) be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED without prejudice.**

Should the Court adopt these findings, no claims will remain for trial and a judgment may be entered in this case.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the

District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen,* **380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **April 29, 2013**.

      **IT IS SO ORDERED**.

      DATE: April 10, 2013.

                                                          */s/ Stephen C. Williams*
                                                          **STEPHEN C. WILLIAMS**
                                                          United States Magistrate Judge