IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY E. STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-244 –MJR- SCW |
| | ) | |
| MITCHELL and ROSS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 35), recommending that the motion to dismiss or in the alternative for summary judgment (Doc. 20) for failure to exhaust administrative remedies filed by Defendants Mitchell and Ross be granted.   The Report and Recommendation was entered on April 10, 2013.   Plaintiff filed his objection on April 25, 2013 (Doc. 37), and Defendants responded on May 7, 2013 (Doc. 38).

Plaintiff Larry Starks, currently an inmate at Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed this *Bivens* suit against two defendants, Ross and Mitchell, alleging he was mistreated by them while working in the kitchen at

FCI-Greenville.   *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, **403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)**.   Specifically, Plaintiff raised an excessive force claim against Defendant Ross and a claim of discrimination and denial of equal protection against both Defendants Ross and Mitchell.   Plaintiff's claim of discrimination and denial of equal protection against both Defendants survived preliminary threshold review; the remainder of his claims did not (Doc. 9).

Defendants Ross and Mitchell moved to dismiss, or in the alternative, for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit.   Magistrate Judge Williams has construed this motion as one for summary judgment.   Magistrate Judge Williams did not hold a *Pavey* hearing, finding that it was unnecessary as the issues presented are solely legal questions (Doc. 35, p. 2).   Based on a review of the record, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 35).   The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.   **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**.   The Court "may accept, reject or modify the magistrate judge's recommended decision."   ***Harper*, 824 F.**

**Supp. at 788**.   In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'"   *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.   However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.   *See Thomas v. Arn,* **474 U.S. 140 (1985)**.

In Plaintiff's objection to the Report and Recommendation, he cites to the Seventh Circuit opinion of *Gonzalez v. O'Connell*, arguing that he can forego exhaustion because he can establish that the administrative process would have been futile.   *See Gonzalez v. O'Connell,* **355 F.3d 1010, 1016 (7th Cir. 2004)**.   This argument fails, however, because the futility exception was only considered in *Gonzalez* because the petitioner sought a writ of habeas corpus and thus was not subject to the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).   Plaintiff has brought his suit pursuant to *Bivens*, which is subject to the statutory exhaustion requirement under § 1997e(a).   The Seventh Circuit has held that "[t]here is no futility exception to § 1997e(a)."   *Perez v. Wis. Dep't of Corrs.,* **182 F.3d 532, 536-37 (7th Cir. 1999)**.

While administrative remedies may become "unavailable" if the prisoner establishes that officials prevented him from using the administrative process, this is obviously not the case here.   Plaintiff does not suggest that he was prevented from filing administrative remedies against Mitchell and Ross with respect to his

discrimination claim.   The administrative process remained open for Plaintiff to pursue his discrimination claim against Mitchell and Ross, and he did not pursue it.   Regarding Plaintiff's reference to his grievances that were denied as untimely, Plaintiff does not allege that those grievances dealt with the claims at issue in this case.

Defendants have fulfilled their burden of proof on the issue of exhaustion.  ***See Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006) ("[E]xhaustion is an affirmative defense, and consequently the burden of proof is on the prison officials.")**.   Plaintiff failed to rebut Defendants' evidence that Plaintiff did not fully navigate the administrative procedure prior to bringing this action.   Plaintiff does not contend that prison officials prevented him from properly filing his grievance, nor does he argue that prison officials failed to respond to a properly submitted grievance, misled him about grievance procedures, or in any other way made the grievance process unavailable to him.   Plaintiff did not follow the proper procedures when making this grievance, and failed to avail himself of the avenues that remained open to him before bringing this action.   Therefore, Plaintiff failed to exhaust his administrative remedies under § 1997e(a).

For these reasons, the Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 35).   Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 20) is **GRANTED**.   Accordingly, Plaintiff's claims against the remaining two Defendants, Mitchell and Ross, are **DISMISSED without prejudice**.   The Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

IT IS SO ORDERED.

DATED:   August 8, 2013

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
